This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 34,580**

**EMMIT GOODRIDGE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett PC
Linda Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation and

imposing judgment and sentence, based on his convictions for distribution of marijuana and possession of drug paraphernalia. Unpersuaded that Defendant demonstrated that the district court erred by denying his motion to suppress the evidence, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded that the district court erred. We affirm.

{2}　　　On appeal, Defendant raises a broad and vague challenge to the denial of his motion to suppress, which relates to a rather complicated encounter that has many aspects that he could be challenging. Defendant has referred this Court to no specific authority that might identify his challenge. [DS 3-4] Our notice applied two reasonableness standards this Court has applied to similar situations to the current one, where officers detain a visitor to a residence that is subject to a search warrant being executed. Both reasonableness standards require "presence plus." *State v. Winton*, 2010-NMCA-020, ¶ 13, 148 N.M. 75, 229 P.3d 1247 (internal quotation marks and citation omitted). First, this Court has stated that visitor detention might be reasonable where there is "a reasonable basis to believe that the non-resident has some type of connection to the premises or to criminal activity." *State v. Graves*, 1994-NMCA-151, ¶ 8, 119 N.M. 89, 888 P.2d 971. Second, we judge the reasonableness of the officer's actions in detaining non-residents present at the premises to be searched by whether

the police's actions further legitimate law enforcement interests. *See Winton*, 2010-NMCA-020, ¶ 12. We also analyzed Defendant's detention to determine whether it was otherwise unreasonable; for example, in its duration or in the officers' level of diligence.

{3} Our notice engaged in a rather exhaustive analysis of the facts under these standards. In an effort to avoid the duplication of efforts, we do not repeat our analysis herein and only address the arguments Defendant raises in response to our notice. Defendant's memorandum in opposition does not attempt to explain the focus of Defendant's challenge to the police encounter, but instead contends that our application of the reasonableness standards effectively permits the exceptions to swallow the rule. [MIO unnumbered 2] Defendant reasons that our proposed analysis is tantamount to holding that mere proximity to a suspected drug location constitute reasonable suspicion and that guilt by association and generalized suspicions are constitutionally reasonable. [Id.]

{4} We disagree with Defendant's assessment. As we stated, constitutional reasonableness for visitor detention requires "presence plus" either (1) a reasonable belief that the visitor has a connection to the premises to be searched or the criminal activity and/or (2) a reasonable furtherance of legitimate law enforcement interests. *Graves*, 1994-NMCA-151, ¶ 8; *Winton*, 2010-NMCA-020, ¶ 12. Our notice detailed

3

the facts indicating a reasonable belief that Defendant had a connection to the premises or criminal activity in the house and explained why all three legitimate police enforcement interests listed in *Winton* seemed to have been met in this case. Defendant's mere characterization of our analysis without distinguishing the law and facts upon which we relied does not persuade us that our analysis was incorrect. We also observe that Defendant did not address our reasonable analysis under the facts and law of *Winton* that we emphasized as supplying the strongest support for affirmance. Without a more compelling argument, we adopt the proposed analysis in our notice and hold that Defendant has not demonstrated error in the denial of his motion to suppress.

{5} Also in his memorandum in opposition, Defendant contends that because his detention was unlawful and there was no attenuation between the detention and his consent to a search of his vehicle, the exclusionary rule requires suppression of the evidence obtained as a result of the search. [MIO 3-5] Because we are not persuaded that his detention was unlawful, the exclusionary rule does not provide support for suppression.

{6} Lastly, we note that Defendant concedes that the district court did not err by ordering the probation violation to run consecutive to a sentence in a subsequent case, in light of NMSA 1978, Section 31-18-21(B) (1977) ("Any person, who commits a

4

crime while at large under a suspended or deferred sentence or probation or parole, and who is convicted and sentenced therefor, shall serve the sentence *consecutive* to the remainder of the term, including remaining parole time, under which he was released unless otherwise ordered by the court in sentencing for the new crime." (emphasis added)). [MIO 5]

{7}     For the reasons stated in our notice and in this opinion, we affirm the district court's orders revoking his probation and imposing judgment and sentence, based on his convictions for distribution of marijuana and possession of drug paraphernalia.

{8}     **IT IS SO ORDERED.**


 

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**